**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Edwards Engineering, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 3013 EDA |
| | ) | |
| v. | ) | |
| | ) | Judge Coar |
| Precision Boilers, Inc. | ) | |
| | ) | Magistrate Judge Cole |
| Defendants. | ) | |

**DEFENDANT PRECISION BOILERS, INC.
ANSWERS TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, Precision Boilers, Inc. ("Precision"), by and through its attorney, Geoffrey A. Bryce, Emily K. Muceus and BryceDowney, LLC, and as its answer to Plaintiff's complaint, states as follows:

**Jurisdiction and Venue**

1.      The court has jurisdiction in accordance with 28 U.S.C. § 1332 because plaintiff and defendant are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

ANSWER:      Plaintiff admits the allegations contained in Paragraph 1.

2.      Venue is proper in accordance with 28 U.S. C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in Chicago, Illinois.  Moreover, venue is proper because the defendant, a Tennessee Corporation, is a subject to personal jurisdiction in this district based on its sufficient contacts here.

ANSWER:      The allegations contained in Paragraph 2 constitute legal conclusions to which no response is required and which are, therefore, denied.

**Facts Common to All Counts**

3.      Edwards Engineering is an Illinois Corporation with its principal place of business in Elk Grove Village, Illinois.

ANSWER:      Precision lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies those allegations.

4.      Defendant, Precision Boilers, is a Tennessee Corporation, and its principal place of business is in Morristown, Tennessee.

ANSWER:      Precision admits the allegations contained in Paragraph 4.

5.      On November 30, 2005, Edwards Engineering was hired by Illinois Masonic Hospital ("Illinois Masonic") to perform boiler replacement work at 836 W. Wellington, Chicago, Illinois.

ANSWER:      Precision lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies those allegations.

6.      Edwards Engineering ordered  a boiler from Precision Boilers for installation at Illinois Masonic pursuant to the Purchase Order dated August 15, 20005 ("Purchase Order") as is more fully set forth and incorporated herein as Exhibit A.

ANSWER:      Precision states that the purchase order speaks for itself and denies any allegations inconsistent with the purchase order.  Precision admits that Edwards Engineering ordered a boiler from Precision.

7.      Precision Boiler accepted the terms of the Purchase Order when it failed to object to the contents of the Purchase Order within ten (10) days of receipt.

ANSWER:      The allegations contained in Paragraph 7 constitute legal conclusions to which no response is required and which are, therefore, denied.

8.      Precision Boilers both commenced work on the boiler and shipped the boiler pursuant to the Purchase Order.  See Exhibit A at 10, ¶ 1.

ANSWER:      Precision admits that it shipped a boiler to Edwards Engineering, Inc.  Precision

denies the remaining allegations contained in Paragraph 8.

9.      Under the terms of the Purchase Order, all material and equipment furnished under

the order were warranted by the Precision Boilers against defects, and Precision Boilers agreed to

repair or replace without charge and/or remedy and defects which may develop within five (5)

years.  (See Exhibit A at 10, ¶ 2; Exhibit A at 6).

ANSWER:      Precision states that the purchase order speaks for itself and denies any allegations

inconsistent with the purchase order.  Answering further, Precision denies the existence of a five

year warranty and states that the warranty attached as Exhibit A is the relevant warranty.

10.      The boiler provided by Precision Boilers pursuant to the Purchase Order was

defective in on or more of the following ways:

    a.      The boiler failed to meet the specifications of the Purchase Order;

    b.      The boiler failed to operate properly; and,

    c.      The boiler ultimately failed to work at all.

ANSWER:      Precision denies the allegations contained in Paragraph 10.

## COUNT I - BREACH OF CONTRACT

11.      Plaintiff realleges and incorporates paragraphs 1 through 10 as paragraph 11 of

Count I.

ANSWER:      Precision restates and realleges its answers to paragraphs 1 through 10 as and for its

answer to Paragraph 11 of Count I.

12.      Precision Boilers breached the terms of the Purchase Order in that it failed to deliver

a boiler that produced capacities or met design specifications, intent, and function as called for in

the specifications and the Purchase Order.

ANSWER:      Precision denies the allegations contained in Paragraph 12.

3

13.     As a result of Precision Boiler's breach, Edwards Engineering incurred damages of $353,323.59 for the replacement of the defective boiler.

ANSWER:     Precision denies the allegations contained in Paragraph 13.

WHEREFORE, Defendant Precision Boilers, Inc. prays that this Court dismiss Count I of Plaintiff's Complaint.

## COUNT II – BREACH OF WARRANTY

14.     Plaintiff realleges and incorporates paragraphs 1 through 10 as Paragraph 14 of Count II.

ANSWER:     Precision restates and realleges its answers to paragraphs 1 through 10 as and for its answer to Paragraph 14 of Count II.

15.     The boiler was covered under a five (5) year part and one (1) year labor Warranty from the date the boiler was placed in operation.  (See Exhibit A at 6; Exhibit A at 10, ¶ 2).

ANSWER:     Precision states that the purchase order speaks for itself and denies any allegations inconsistent with the purchase order.  Answering further, Precision denies the existence of a five year warranty and states that the warranty attached as Exhibit A is the applicable warranty.

16.     The boiler never operated according to specifications

ANSWER:     Precision denies the allegations contained in Paragraph 16.

17.     Precision Boilers' attempts to repair the boiler were unsuccessful.

ANSWER:     Precision denies the allegations contained in Paragraph 17.

18.     Despite multiple requests by Edwards Engineering, Precision Boilers has failed or refused to repair or replace the defective boiler as required under the warranty.

ANSWER:     Precision denies the allegations contained in Paragraph 18.

19.     As a result of Precision Boiler's breach, Edwards Engineering incurred damages of $353,323.59 for the replacement of the defective boiler.

ANSWER:     Precision denies the allegations contained in Paragraph 19.

WHEREFORE, Defendant Precision Boilers, Inc. prays that this Court dismiss Count II of Plaintiff's Complaint.

## COUNT III – BREACH OF IMPLIED WARRANTY; MERCHANTIABILITY; USAGE OF TRADE

20.     Plaintiff realleges and paragraphs 1 through 10 as Paragraph 20 of Count III.

ANSWER:     Precision restates and realleges its answers to paragraphs 1 through 10 as and for its answer to Paragraph 20 of Count III.

21.     Pursuant to 810 ILCS 5/2-314, there is an implied warranty that the boiler was fit for the ordinary purposes for which such boilers are used.

ANSWER:     The allegations contained in Paragraph 21 constitute legal conclusions to which no response is required and which are, therefore, denied.

22.     Precision boilers breached the implied warranty when it delivered a boiler which was unfit for the ordinary purposes for which boilers are used.

ANSWER:     Precision denies the allegations contained in Paragraph 22.

23.     As a result of Precision Boiler's breach, Edwards Engineering incurred damages of $353,323.59 for the replacement of the defective boiler.

ANSWER:     Precision denies the allegations contained in Paragraph 23.

WHEREFORE, Defendant Precision Boilers, Inc. prays that this Court dismiss Count III of Plaintiff's Complaint.

## COUNT IV – BREACH OF IMPLIED WARRANTY: FITNESS FOR PARTICULAR PURPOSE

24.     Plaintiff realleges and incorporates paragraphs 1 through 10 as Paragraph 24 of Count III.

ANSWER:     Precision restates and realleges its answers to paragraphs 1 through 10 as and for its answer to Paragraph 24 of Count IV.

5

25.     Precision Boilers had reason to know the particular purpose for which the Edwards Engineering ordered the boiler.

ANSWER:     Precision denies the allegations contained in Paragraph 25.

26.     Edwards Engineering relied on Precision Boilers' skill or judgment to furnish a suitable boiler.

ANSWER:     Precision lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies those allegations.

27.     Pursuant to 810 ILCS 5/2-315, there is an implied warranty that the boiler delivered by Precision Boilers be fit for the purpose required by Edwards Engineering pursuant to the Purchase Order and industry standards.

ANSWER:     The allegations contained in Paragraph 27 constitute legal conclusions to which no response is required and which are, therefore, denied.

28.     Precision breached the implied warranty of fitness when it delivered a boiler that was not fit for the particular purpose required by Edwards Engineering.

ANSWER:     Precision denies the allegations contained in Paragraph 28.

WHEREFORE, Defendant Precision Boilers, Inc. prays that this Court dismiss Count IV of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

## FACTS COMMON TO ALL AFFIRMATIVE DEFENSES

NOW COMES Defendant, Precision Boilers, Inc. ("Precision"), by and through its attorneys, Geoffrey A. Bryce, Emily K. Muceus and BryceDowney, LLC, and for its affirmative defenses to Plaintiff's complaint, states as follows:

1.     On information and belief, Edwards Engineering is an Illinois Corporation with its principal place of business in Elk Grove Village, Illinois.

2.      Defendant, Precision Boilers, is a Tennessee Corporation, and its principal place of business is in Morristown, Tennessee.

3.      On information and belief, on November 30, 2005, Edwards Engineering was hired by Illinois Masonic Hospital ("Illinois Masonic") to perform boiler replacement work at 836 W. Wellington, Chicago, Illinois.

4.      Edwards Engineering ordered a boiler from Precision Boilers for installation at Illinois Masonic pursuant to the Purchase Order dated August 15, 20005 ("Purchase Order") as is more fully set forth and incorporated herein as Exhibit A to Plaintiff's Complaint.

5.      The boiler at issue was covered under the warranty attached as Exhibit A.

## FIRST AFFIRMATIVE DEFENSE
**(Implied Warranty Claims – Counts III and IV)**
**LACK OF NOTICE**

6.      Precision realleges and incorporates paragraphs 1 through 5 as paragraph 6 of its First Affirmative Defense.

7.      Edwards failed to provide Precision with timely notice of any alleged defects requiring repair as required under 810 ILCS 5/2-314 and 810 ILCS 5/2-315.

8.      Because Edwards failed to provide notice as required by 810 ILCS 5/2-607, Plaintiff cannot recover for its implied warranty claims.

WHEREFORE, Precision Boilers, Inc. prays that this Court dismiss Counts III and IV of Plaintiff's Complaint.

## SECOND AFFIRMATIVE DEFENSE
**(Express Warranty Claim)**
**LACK OF NOTICE**

9.      Precision realleges and incorporates paragraphs 1 through 8 as paragraph 9 of its First Affirmative Defense.

10.     Edwards failed to provide Precision with timely notice of any alleged defects requiring repair under the warranty.

11.    Because Edwards failed to provide notice, Plaintiff cannot recover for its express warranty claim.

WHEREFORE, Precision Boilers, Inc. prays that this Court dismiss Counts II of Plaintiff's Complaint.

### THIRD AFFIRMATIVE DEFENSE
**(All Counts)**
**SOLE PROXIMATE CAUSE**

12.    Precision re-alleges and incorporates paragraphs 1 through 11 as paragraph 12 of its First Affirmative Defense.

13.    Edwards selected the boiler for the application at the Illinois Masonic facility.

14.    Precision is not responsible for any damages caused by Plaintiff's miss-selection of the boiler for the application at the Illinois Masonic facility.

15.    Edwards installed the boiler at the Illinois Masonic facility.

16.    Precision is not responsible for any damages caused by the improper installation of the boiler by Edwards at the Illinois Masonic facility.

WHEREFORE, Precision Boilers, Inc. prays that this Court dismiss Plaintiff's Complaint.

Dated: August 8, 2008                              PRECISION BOILERS, INC.
                                                    Defendants


                                                    By:_____/s/ Emily K. Muceus_____
                                                        One of Their Attorneys

Geoffrey A. Bryce (ARDC #3128821)
Emily K. Muceus (ARDC #6278087)
BRYCEDOWNEY, LLC.
200 N. LaSalle Street, Suite 2700
Chicago, IL  60601
Phone: (312) 377-1501 | Fax: (312) 377-1502

8

# PRECISION Commercial/Industrial Boilers
## LIMITED WARRANTY

This limited warranty applies only if the installation and operating instructions applicable to the model purchased are expressly and completely followed.

I.     Tank Warranty: PRECISION warrants all tanks for a period of one (1) year from the date of shipment. If the original vessel of this unit should leak or should prove to be defective, PRECISION will, at its option repair, replace with a new vessel, or replace with a new boiler of equivalent size, at no charge.

II.    Parts Warranty: Component parts not manufactured by PRECISION such as controls, instruments, etc., that are furnished with the heater are not covered by this warranty. However, PRECISION extends to the customer the same warranty provided to PRECISION by the manufacturer of such component parts (excluding pilot lights, fuses and gasket).

The following conditions are stipulated for Paragraphs I & II:
1. Failure of tank or parts must be confirmed through inspection by our representative.
2. Replacement tank, heaters, or parts will be invoiced at current retail price.
3. Full credit or prorated credit will be issued upon the return of defective tanks, heater, or parts to PRECISION.
4. All replacement tanks, heaters or parts will be shipped FOB shipping point, freight collect.
5. Warranty does not cover production of noise, taste, odors, discoloration or rusty water.

III.    This warranty will be void if any of the following conditions are found to exist:
1. Operation of boiler while tank water level is below minimum operation level.
2. Leakage resulting from lime or sediment precipitates, damaged fittings, abuse or misuse by the customer, or defective installations.
3. Firing of heater in excess of BTU or voltage ratings stated on Data Plate.
4. Installation in other than original installation location or with improper pressure relief valve.
5. Ownership by other than original purchaser.
6. Unit not installed, adjusted or maintained in accordance with installation and operating instructions and all applicable state and local plumbing, electrical, and building codes, ordinances, and regulations.

IV.    Any replacement or repaired part is warranted only for the balance of the period in the original warranty.

V.    PRECISION will not be held liable for any labor, freight charges, permits, loss of time, consequential damages, installation cost, removal cost, or contingent liability of any kind resulting from the manufacture, sale, installation, or use of this unit, or to the failure of items excluded from this warranty under Paragraph II above.

VI.    This limited warranty is in lieu of any and all other warranties and/or guarantees expressed or implied.



EXHIBIT
A